BILBREY, J.
Dandre Robinson appeals the denial of his request to withdraw his plea, as he presented within his motion for postconviction relief from the judgment and sentence entered for two separate cases in the circuit court for the First Judicial Circuit in Escambia County. Because Appellant fails to establish any prejudicial error and in light of the circuit court’s proper exercise of its discretion, the denial of Appellant’s request to withdraw his plea is affirmed.
Appellant’s Third Amended Motion for Postconviction Relief asserted that the plea entered for cases 2012 CF 000307 and 2012 CF 00308 was rendered involuntary when the court ordered the sentences to run consecutively, as required by section 775.087(2)(d), Florida Statutes. The written plea provided that Appellant and the State had agreed to a 25-year cap on the sentences. Although not reflected in the written plea, Appellant argued that at the plea hearing prior to the sentencing hearing, he was advised by counsel and entered his plea with the understanding that the sentences would run concurrently. The State conceded that this was the understanding at the plea hearing, and that it was not clear to the parties until the sentencing hearing that the 10-20-Life statute required the sentences to run consecutively.
In the postconviction proceedings, there was no question of fact regarding defense counsel’s failure to object to the consecutive sentence at the sentencing hearing and failure to move to withdraw Appellant’s plea. However, due to the State’s concession that Appellant’s plea was entered based on Appellant’s mistaken belief that the sentences would run concurrently, the court effectively granted relief *455 from judgment in case number 2012 CF 000307 by accepting the State’s nolle pro-sequi of that case and dismissing the case. To assure that Appellant received the benefit of his plea, the court specifically amended the sentence in case number 2012 CF 000308 to provide that it began running on the original date of sentencing and that Appellant was credited with the days served on the vacated sentence for case number 2012 CF 000307 towards the amended sentence in case number 2012 CF 000308. The length of the sentence in case number 2012 CF 000308 (22 years) was unchanged and the statutory mandatory minimum of 10 years was likewise unchanged. After the dismissal of case number 2012 CF 000307 and entry of the amended sentence in case number 2012 CF 000308, the court by separate order denied Appellant’s Third Amended Motion for Postconviction Relief, including his request to withdraw his plea.
Appellant fails to assert any prejudicial error in the order on his Third Amended Motion for Postconviction Relief wherein his request to withdraw his plea was denied.[1] His appeal of that order is thus not properly before this court. § 924.051(3), Fla. Stat. (appeal may not be taken from order unless a prejudicial error is alleged). The basis for his request to withdraw his plea was the imposition of consecutive sentences, contrary to his understanding in entering his plea, which the trial court remedied by dismissing case number 2012 CF 000307 and vacating the judgment and sentence for that case. The amended sentence for case number 2012 CF 000308 was unchanged except for the earlier starting date and the addition of credit for time served on the vacated sentence in case number 2012 CF 000307. The denial of Appellant’s request to withdraw his plea was thus not prejudicial to him because the consecutive nature of the sentences was removed and Appellant was left with the benefit of his plea bargain and, in addition, application to the remaining sentence of full credit for the time served on the vacated sentence.
Even if any prejudice to Appellant had resulted from the denial of his request to withdraw his plea, the standard of review of an order denying a motion to withdraw a plea after sentencing is whether the trial court abused its discretion. Griffin v. State, 114 So.3d 890, 897 (Fla.2013). Appellant has shown no such abuse in the circuit court’s order. The denial of Appellant’s request to withdraw his plea was reasonable in light of the dismissal of case number 2012 CF 000307 and the court’s direction that credit for time served on that sentence apply to the sentence for case number 2012 CF 000308. After these corrections, the remaining sentence was in compliance with the terms of Appellant’s plea and the voluntariness of the plea was maintained.
Accordingly, the order on appeal is AFFIRMED.
ROBERTS, C.J., and WETHERELL, J., concur.

. Appellant does not appeal the amended judgment and sentence in case number 2012 CF 000308 and, of course, does not appeal the dismissal of case number 2012 CF 000307.